UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY SANDERS,

               Plaintiff,

  -against-

CAPTAIN M. GARCIA, CAPTAIN BAUDA,
JOHN DOE 1-5, DORA SCHRIRO,
Commissioner,

              Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-7005 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On December 16, 2016, Plaintiff Anthony Sanders, incarcerated at the West Facility on Rikers Island, filed this *pro se* action against Defendants pursuant to 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and, as set forth below, dismisses the Complaint as to Defendant Dora Schriro ("Schriro"), but permits it to proceed as to the other Defendants.

**BACKGROUND**

Plaintiff alleges that on November 15, 2016, Defendants Captain M. Garcia ("Garcia") and Captain Bauda ("Bauda"), along with five unidentified "John Doe" correction officers, used excessive force against him while putting him on a bus to go to court. (Dkt. 1, ("Compl.") at 4.) Plaintiff alleges that Garcia tried to touch Plaintiff's "private area" and had a "sharp object," and that as a result of the incident, Plaintiff sustained cuts on his arms and leg. (*Id.*) Plaintiff further alleges that Bauda threatened Plaintiff that something would happen to him if he told anyone about

the incident and that Plaintiff consequently failed to seek treatment for his injuries. (*Id.*) Plaintiff seeks damages for his injuries. (*Id.*)

## STANDARD OF REVIEW

To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

In reviewing Plaintiff's Complaint, the Court is mindful that he is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). Here, Plaintiff fails to make any allegations against Schriro, the former Commissioner for the New York City Department of Correction. A § 1983 complaint that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order). Since the claim against Schriro appears to be based on a theory of *respondeat superior* or vicarious liability, neither of which applies to a § 1983 action, the claims against Schriro must be dismissed. *Ashcroft*, 556 U.S. at 676.

## CONCLUSION

The Complaint, filed *in forma pauperis*, is dismissed as to Defendant Schriro pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue as to her. Plaintiff's excessive force claims against Defendants Garcia, Bauda and the five John Doe Defendants shall proceed. The United States Marshal Service is directed to serve the Summons, the Complaint and this Order upon Defendants Garcia and Bauda without prepayment of fees.

Because the United States Marshals Service will not be able to serve the John Doe Defendants without further identifying information, the Court requests that the Corporation Counsel for the City of New York ascertain the full names of the Defendants whom Plaintiff has identified as John Doe 1-5 and provide the addresses where these Defendants can currently be served within forty-five (45) days of this Order. *See Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (*per curiam*), (finding that a *pro se* litigant is entitled to assistance from the district

court in identifying a defendant and instructing district court to do so); *Geathers v. Morgenthau*, 173 F.3d 844 (2d Cir. 1999) (summary order) (explaining that district court "had some obligation to assist the incarcerated plaintiff to obtain discovery necessary to identify the defendant police officer so as to avoid dismissal"). Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may name and properly serve Defendants as instructed by the Second Circuit in *Valentin*. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full names and badge numbers of the John Doe Defendants, amended summonses shall be issued, and the Court shall direct service on these Defendants.

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff. The case is respectfully referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 4, 2017
      Brooklyn, New York